UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN THE MATTER OF THE APPLICATION
OF PATRICK ROGER LERET AND LUIS
ERNESTO GONZALES FOR AN ORDER            Misc. Case No. 13-939 (RCL/JMF)
PURSUANT TO 28 U.S.C. § 1782, TO OBTAIN
DISCOVERY FROM ALVARO ROCHE
CISNEROS FOR USE IN FOREIGN
PROCEEDINGS

## MEMORANDUM OPINION

On September 3, 2013, Patrick Roger Leret and Luis Ernesto Gonzales ("the applicants") filed a motion under 28 U.S.C. § 1782 seeking an Order from this Court directing Alvaro Roche Cisneros ("Roche") to submit to a deposition and to produce certain documents, both for the applicants' use in foreign proceedings. Application for (1) An Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings, and (2) an Order to Show Cause Why a Subpoena Should Not Immediately Issue [#1]. On September 9, 2013, the Court ordered Roche to show cause at a hearing. Show Cause Order [#6]. The hearing was held on September 23, 2013, and, for the reasons stated below, the applicants' motion will be denied.

## BACKGROUND

The applicants contend that the discovery they seek is relevant to three actions currently pending in Caracas, Venezuela. [#1] at 1-2. These actions are 1) Patrick Roger Leret v. Alvaro Roche Cisneros and Marion Cisneros Rendiles; 2) Albaro Roche Cisneros v. Patrick Roger Leret and Luis Ernesto Gonzales; and 3) Arquitectura y Diseno Arquimeca C.A. v. Grupo Los Principitos, C.A. Id. at 2. These foreign actions arise out of a dispute between various shareholders of Los Principitos, a Venezuelan corporation. Response of Alvaro Roche Cisneros

to the Court's Order to Show Cause Why the Application of Patrick Roger Leret and Luis Ernesto Gonzalez Should Not Be Granted [#11] at 1. According to the applicants, because the respondent currently resides in Washington, D.C., they cannot obtain the discovery they seek through the Venezuelan courts. Id. at 4.

## DISCUSSION

I.  Legal Standard

Section 1782 of Title 28 of the United States Code, captioned "Assistance to foreign and international tribunals and to litigants before such tribunals" provides in pertinent part as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).[1]

To that end, the Court must determine "first, whether it is authorized to grant the request, and second, whether it should exercise its discretion to do so." Norex Petroleum Ltd. v. Chubb Insurance Co. of Canada, 384 F. Supp. 2d 45, 49 (D.D.C. 2005) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264 (2004)). Whether a Court is authorized depends on "(1) whether the person from whom discovery is sought resides or is found in the district where the

---

[1] **Error! Main Document Only.**All references to the United States Code or the Code of Federal Regulations are to the electronic versions that appear in Westlaw or Lexis.

action has been filed; (2) whether the discovery sought is for use in a proceeding before a foreign or international proceeding; and (3) whether the application is made by a foreign or international tribunal or "any interested person." Norex Petroleum Ltd., 384 F. Supp. 2d at 49 (citing Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004)).

If the Court determines that it does have the authority to grant the request, it must then determine whether it should exercise that authority, which is discretionary. Intel Corp., 542 U.S. at 264 ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."). That calculus is made in light of the statute's "twin aims," which are to provide "efficient assistance to participants in international litigation" and to encourage "foreign countries by example to provide similar assistance to our courts." Norex Petroleum Ltd., 384 F. Supp. 2d at 49 (quoting Intel Corp., 524 U.S. at 252).

Specifically, the Court must consider 1) whether the person from whom discovery is sought is a party to the foreign proceeding; 2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; and 3) "whether the §1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States . . . [and] may reject . . . or trim . . . [any] unduly intrusive or burdensome requests." Id. at 49 (quoting Intel Corp., 542 U.S. at 264).

II. Analysis

    A. The Court has Authority to Grant the Application

First, the respondent does not dispute the applicants' claim that he resides in the District of Columbia, the district where the application was made. See [#1] at 1; Memorandum of Law in Support of Leret's and Gonzalez's Application Pursuant to 28 U.S.C. § 1782 to Obtain

3

Discovery from Alvaro Roche Cisneros For Use in Foreign Proceedings [#8] at 10 ("Roche lives [at] 3043 N Street NW, Washington D.C. 20007."); Response of Alvaro Roche Cisneros to the Court's Order to Show Cause Why the Application of Patrick Roger Leret and Luis Ernesto Gonzalez Should Not Be Granted [#11] at 10 ("Roche has strong connections to Venezuela. He used to live in Venezuela, he still has family that lives in Venezuela, and he maintains business and personal relationships in Venezuela.").

Second, it is undisputed that the discovery sought by the applicants is for use in three ongoing proceedings in Venezuela. [#1] at 2 (Leret v. Roche, *et al.*, is pending in the 8th First Instance Court on Civil and Commercial Matter of the Caracas Judicial Circuit; Roche v. Leret, *et al.*, is pending in the 11th First Instance Court on Civil and Commercial Matter of the Caracas Judicial Circuit; and Arquimeca v. Leret, *et al.*, is pending in the 11th Municipal Court of the Caracas Metropolitan Area.).

Third, the application was made by "interested persons" with respect to the foreign actions. See Lancaster Factoring Co. Ltd. V. Mangone, 90 F.3d 38, 42 (2d Cir. 1996) ("The legislative history to 1782 makes plain that 'interested person' includes 'a party to the foreign . . . litigation.'"); [#8] at 10 ("Leret and Gonzalez . . . are each named defendants in Arquimeca's claim of alleged mismanagement of Los Principitos . . . they each are named defendants in Roche's damages claims . . . and Leret initiated proceedings against Roche, Gonzalez and Cisneros to dissolve the company, and Gonzalez has joined Leret's claim."). Therefore, the only issue before this Court is whether it should exercise its discretion in this instance and grant the application.

    B.    The Court Will Deny the Application

As noted above, Roche is a party to two of the foreign proceedings. [#8] at 11-12. The applicants argue that they need evidence, in the form of documents and testimony from Roche, to address claims made in all three suits. Id. at 11. The applicants further contend that they cannot obtain that evidence through the foreign courts because Roche no longer lives in Venezuela. Id. at 2. [#1-1] at 5. According to Mario E. Trivella, the applicants' Venezuelan counsel, the only way the applicants can obtain the evidence they need is through a § 1782 application:

> 18. Because Mr. Roche resides in Washington, D.C., Leret and Gonzalez have not been able to obtain oral testimony or documents from Mr. Roche. If Roche resided in Venezuela, the Court handling the Foreign Actions would call him as a witness, which would allow for a comprehensive examination. However, a witness has no obligation to appear if he or she does not reside in Venezuela.
>
> * * *
>
> 20. The most that a Venezuelan Court could do is send a Letter Rogatory to the United States asking that Mr. Roche be notified of his role as a witness. But Mr. Roche cannot be compelled to travel to Venezuela and provide testimony, and the Court may draw no negative inference from his absence.

[#1-1] at 5-6.

Trivella further notes that the Arquimeca case, to which Roche is not a party, is fast-tracked:

> 16. Furthermore, under Venezuelan law, Arquimeca's claim for irregulatories consists of only 10 working days after process is served on all interested parties. Leret and Gonzalez will have to produce evidence in support of their case during that period exclusively. The application under 28 U.S.C. § 1782 is thus urgent.

Id. at 5.

In a later filing, the applicants again stress the urgency of their request, but note that, although service of process has not yet occurred, it "could occur at any time." [#8] at 7.

5

In Roche's first response to the application, wherein Roche seeks an extension of time to respond to the Court's show cause order, Roche argues that the applicants' characterization of the application as "urgent" is misguided. According to Roche, the <u>Arquimeca</u> case was filed in December of 2012 and Trivella's declaration, offered in support of the application, was dated August 12, 2013, even though the application itself was not filed until September 3, 2013. <u>See</u> <u>Alvaro Roche Cisneros' Motion for Extension of Time</u> [#9] at 3; [#1-1] at 7. Roche also notes that "the parties in [the <u>Arquimeca</u>] case would not be limited to a ten-day evidence gathering period, as the Venezuelan courts routinely grant extensions." [#11] at 9.

Even more remarkable, however, is Roche's substantive response to the application. In his declaration, executed on September 20, 2013 in Caracas, Venezuela, Roche states the following:

> I agree to submit to the Venezuelan courts in the Venezuelan Actions for discovery consistent with Venezuelan procedures, and to be subject to the same discovery in the Venezuelan Actions as any party resident in Venezuela who appears before that country's courts. Should this Courft deny the Application, I will appear and will not raise any personal jurisdiction or process defenses in any Venezuelan [courts] of the [aforementioned] law suits.

[#11-3] at 2.

In addition, Roche adds the following in a footnote: "If there is any concern about Roche's availability in Venezuela, the Court may make any order denying the Application contingent upon Roche's appearing in Venezuela. Alternatively, [the applicants] may renew the Application if Roche does not appear in the Venezuelan proceedings." [#11] at 14 n.1.

Leaving aside the issue of urgency and whether or not the applicants are or are not trying

6

to circumvent Venezuelan law,[2] of greater significance to the Court's reasoning is the applicants' failure to provide any explanation whatsoever as to why they refuse to accept Roche's offer to submit to their discovery requests in Venezuela.[3]  Therefore, in keeping with the statute's twin goals of proving "efficient assistance to participants in international litigation" and encouraging "foreign countries by example to provide similar assistance to our courts," this Court will deny the application.  The greatest assistance this Court can provide to all the parties involved in the three foreign proceedings is to exercise its discretion in this matter, in a manner which does not prejudice either Roche or the applicants, by facilitating the resolution of the pending discovery requests by the very courts where the actions were filed, the Venezuelan courts.

## CONCLUSION

---

[2] According to Roche, the applicants are clearly trying to circumvent various limitations governing the Venezuelan proceedings.  Specifically, Roche claims that 1) "[d]iscovery has expired in one Venezuelan action and is not currently open in the other two Venezuelan actions;" 2) "[t]he requested discovery is not admissible in the Venezuelan actions;" 3) [t]he requested discovery violates the Venezuelan Constitution and Venezuelan law;" and 4) [t]he discovery sought is not necessary or germane to any issues in dispute in the underlying Venezuelan actions." [#11] at 3.  The applicants dispute Roche's claims, averring instead that 1) "nothing in Venezuelan law precludes the parties in domestic proceedings from submitting the type of evidence" the applicants seek; 2) the applicants' request does not violate the Venezuelan constitution because, although only the Venezuelan court can rule on the merits of the parties' disputes, the applicants are only asking this Court for assistance in conducting discovery; 3) there is nothing in Venezuelan law that precludes the admissibility, in the Venezuelan courts, of evidence obtained from a section 1782 application; 4) there is nothing in Venezuelan law that precludes the admission of further evidence in the three foreign actions. Motion for Leave to Submit Supplemental Citations and Supplemental Declaration in Reply to Alvaro Roche's Response to the Court's Order to Show Cause [#12-1] at 2-4.  Both the applicants and Roche also filed supplemental pleadings in support of their positions regarding the discoverability and relevance, under Venezuelan law, of the evidence sought.  See [#12]; Alvaro Roche Cisneros' Motion for Leave to File Supplemental Declaration [#13].

[3] "First, when the person from whom discovery is sought is a participant in the foreign proceeding . . . the need for 1782(a) aid generally is not as apparent as it ordinarily is when evidence is sought from a nonparticipant in the matter arising abroad.  A foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence." Intel Corp., 542 U.S. at 264.

7

In light of the fact that Roche has agreed to the very discovery sought by the applicants in their 28 U.S.C. § 1782 motion, the Court will deny the application. An Order accompanies this Memorandum Opinion.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE