UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|                                                  | ) |
|--------------------------------------------------|---|
| IN THE MATTER OF THE APPLICATION                 | ) |
| OF PATRICK ROGER LERET AND LUIS                  | ) |
| ERNESTO GONZALEZ FOR AN ORDER                    | ) |
| PURSUANT TO 28 U.S.C. § 1782, TO                 | ) |
| OBTAIN DISCOVERY FROM ALVARO                     | )  Misc. Case No. 13-939 (RCL/JMF) |
| CISNEROS FOR USE IN FOREIGN                      | ) |
| PROCEEDINGS                                      | ) |
|                                                  | ) |

## MEMORANDUM OPINION

Applicants Patrick R. Leret and Luis Ernesto Gonzalez ("applicants") have brought before the Court a number of objections [24] to an Order [17] issued by Magistrate Judge Facciola. Applicants, as litigants before a foreign tribunal, sought an order from the Court under 28 U.S.C. § 1782(a) that would direct Alvaro Roche Cisneros ("Roche") to submit to a deposition and produce a number of documents for use in several proceedings before a foreign tribunal. The magistrate judge denied the application. Applicants now seek to have the Court overturn the magistrate judge's Order, or, in the alternative, to have the Order stayed or amended.

Upon consideration of applicants' objections [24] to Magistrate Judge Facciola's October 7, 2014 Order [17] and Memorandum Opinion [18] denying the § 1782(a) application, Roche's opposition [26], applicants' reply [29], the record herein, and applicable case law, applicants' objections to the magistrate judge's Order are **OVERRULED**. The Court will **AMEND** the Order, and **DISMISS** the application **WITHOUT PREJUDICE**.

### I.   BACKGROUND

In the interest of brevity, the Court will limit its recitation of the facts underlying applicants' § 1782(a) application and the magistrate judge's decision to those necessary. The underlying foreign legal proceedings involve a number of allegations among shareholders of the Venezuelan corporation Grupo Los Principtos, which form the basis of the § 1782(a) application at issue. Grupo Los Principtos is a corporation that designs, manufactures, and retails children's clothing in Venezuela. Appl.s' Objections to Order 4 [24]. The foreign legal proceedings arise from Roche's alleged efforts to remove current management from its role and alter the rules pertaining to management of the company. *Id.* at 4. There are three foreign actions currently pending, and Roche is a party to two of the three actions. *Id.* at 5. Roche currently resides in the District of Columbia. *Id.* at 8. On September 3, 2013, applicants sought to have this Court, pursuant to § 1782(a), order Roche to submit to a deposition and produce a number of documents to aid applicants in their legal disputes that are currently pending in the Venezuelan court system. *Id.* at 8. The matter was then referred to Magistrate Judge Facciola under Local Civil Rule 72.2.

On September 9, 2013, the magistrate judge ordered Roche to show cause why the § 1782(a) application should not be granted. Appl.s' Objections to Order 9. On October 7, 2013, the magistrate judge issued an order and memorandum opinion that denied the application. Mem. Op. Den. Pet. for Disc. 7. The magistrate judge found that while the Court had authority to grant the application, the Court should, in the exercise of its discretion, deny the application. *Id.* at 7. The magistrate judge relied primarily on Roche's willingness to voluntarily submit himself to the discovery process of the foreign tribunal for each of the pending legal disputes. *Id.* at 7. The magistrate judge further found that the greatest assistance the Court could provide to all parties without prejudicing a particular party was to allow Roche to voluntarily submit to the discovery requests in the country and court where the disputes were pending. *Id.* at 7. Finally, in denying

the application and allowing the issue to be resolved in the Venezuelan court system, the two underlying goals of 28 U.S.C. § 1782(a) would be furthered most effectively. Applicants now bring before the Court objections, and seek to have the Order overturned. In the alternative, applicants seek to have the Order stayed, or amended, to permit them to refile the § 1782(a) application at a later date. Appl.s' Objections to Order 4.

## II. ANALYSIS

### a. The proper standard of review for the magistrate judge's order is clearly erroneous or contrary to law.

Applicants' § 1782(a) request was referred to Magistrate Judge Facciola under Local Civil Rule 72.2, which permits referral of certain matters to a magistrate judge for determination. The Rule provides that a party may file written objection to a magistrate judge's ruling, and after considering such objection, "a district judge may modify or set aside any portion of a magistrate judge's order … found to be clearly erroneous or contrary to law." L. Civ. R. 72.2(b)-(c); *see also Norex Petroleum Ltd. v. Chubb Ins. Co. of Canada*, 384 F. Supp. 2d 45, 48 (D.D.C. 2005) (review of § 1782(a) order from magistrate judge under clearly erroneous/contrary to law standard). Under this standard, the Court's review of "findings of fact is critically limited," *Southern Pac. Communications Co. v. American Tel. & Tel. Co.*, 740 F.2d 980, 998 (D.C. Cir. 1984), and "the magistrate judge's decision is entitled to great deference." *Globalaw Ltd. v. Carmon & Carmon Law Office & Globalaw, Inc.*, 452 F. Supp. 2d 1, 60 (D.D.C. 2006); *Neuder v. Battelle Pac. Northwest Nat'l Lab.*, 194 F.R.D. 289, 292 (D.D.C. 2000); *see also Evans v. Atwood*, 1999 U.S. Dist. LEXIS 17545, at *4 (D.D.C. 1999). The Court may reverse the magistrate judge's finding only "if 'on the entire evidence' [the Court is] 'left with the definite and firm conviction that a mistake has been committed.'" *Latif v. Obama*, 666 F.3d 746, 765

(D.C. Cir. 2012) (quoting *Anderson v. City of Bessemer*, 470 U.S. 564 (1985)); *Southern Pac. Communications Co.*, 740 F.2d at 998.

### b. The magistrate judge's order denying the 28 U.S.C. § 1782(a) application cannot be said to be clearly erroneous or contrary to law.

28 U.S.C. § 1782 authorizes the Court to "order [a person within its reach] to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation." This authorization is discretionary. A district court need not grant § 1782(a) discovery "simply because it has the authority to do so." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). A § 1782(a) application requires the Court to undertake a two-step analysis: (1) as a threshold matter, the Court must determine that it "has the authority to grant the request," *Norex*, 384 F. Supp. 2d at 49 (citing *Intel Corp.*, 542 U.S. 241 at 264); and (2) the Court must then decide whether it should, in the exercise its discretion, grant the request. *Id.* at 49 (citing *Intel Corp.*, 542 U.S. 241 at 264); *Lazaridis v. Int'l Ctr. for Missing & Exploited Children, Inc.*, 760 F. Supp. 2d 109, 112 (D.D.C. 2011), *aff'd*, 473 Fed. Appx. 2, 2012 U.S. App. LEXIS 6853 (D.C. Cir. 2012).

To determine whether the Court has the authority to consider a § 1782(a) application, three conditions must be met: (1) the person from whom discovery is sought must reside in or be found within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person. 28 U.S.C. § 1782(a). The magistrate judge held that the Court has authority to grant the application for discovery. Mem. Op. Den. Pet. for Disc. 3. It is uncontested that Roche resides in the District of Columbia. It is similarly undisputed that

Roche's statement and document production are sought for use in three ongoing Venezuelan proceedings, and that the application was made by "interested persons with respect to the foreign actions." *Id.* at 3-4. Thus, the Court has authority to grant the application.

Should the Court determine that it has authority to grant the application, it must then decide whether it should, in the exercise of its discretion, do so. *Intel Corp.*, 542 U.S. 241 at 264. This discretion is "considerable." *Lazaridis v. Int'l Ctr. for Missing & Exploited Children*, 473 Fed. Appx. 2, 2012 U.S. App. LEXIS 6853, at *3 (D.C. Cir. 2012). To guide the Court's exercise of discretion, the Supreme Court has articulated several "factors that bear consideration in ruling on a § 1782(a) request." *Intel Corp.*, 542 U.S. at 264. The Court may weigh whether "the person from whom discovery is sought is a participant in the foreign proceeding." *Id.* at 264. Courts may also "take into account the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign [court] to U.S. federal-court judicial assistance." *Id.* at 264. Further, the Court may "consider whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." *Id.* at 265. And the Court may reject or trim "unduly intrusive or burdensome requests." *Id.* at 265. When considering these factors, the Court should keep in mind the twin aims of § 1782(a): "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Thai-Lao Lignite (Thail.) Co.*, 821 F. Supp. 2d 289, 293 (D.D.C. 2012) (quoting *Schmitz v. Bernstein, Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83 (2d Cir. 2004)); *Norex Petroleum Ltd.*, 384 F. Supp. 2d at 49; *see also Intel Corp.*, 542 U.S. at 252.

The magistrate judge denied applicants' request, holding that the Court should "exercise its discretion … in a manner which does not prejudice [either party], by facilitating the resolution of the pending discovery requests" where the actions were filed, in Venezuela. Mem. Op. Den. Pet. for Disc. 10-11. The magistrate judge acknowledged both of the twin aims of § 1782(a) and the discretionary factors articulated by the Supreme Court in *Intel* in his analysis. *Id.* at 6 – 9. While touching on the discretionary factors of the character of the proceeding underway abroad and possible circumvention of Venezuelan law, the magistrate judge rested his decision primarily on the first *Intel* factor, Roche's participant status in the foreign proceedings. The substantive basis for denying the application was a finding, based on the record and the show-cause hearing held, that Roche was a party to two of the three foreign proceedings for which discovery was sought, and Roche voluntarily "offer[ed] to submit to [applicants'] discovery requests in Venezuela." *Id.* at 10. Specifically, Roche executed a declaration in Caracas, Venezuela, on September 20, 2013, agreeing to submit to discovery actions in Venezuelan courts and stated his intent not to raise any personal jurisdiction or process defenses to such requests. *Id.* at 6.

The Court cannot say that the magistrate judge's reliance on the first discretionary factor articulated in *Intel* is contrary to law or clearly erroneous. The discretionary guidelines in *Intel* do not command that each factor be weighed equally, nor do they dictate whether any particular factor should take precedent. The Supreme Court declined "to adopt supervisory rules;" instead these factors are to "guide" a court. *Intel Corp.*, 542 U.S. at 247, 264. D.C. Circuit case law does not suggest otherwise. Nor does the Court believe that the magistrate judge's reliance on Roche's willingness to submit to the discovery process of the Venezuelan court system can be characterized as imposing a foreign exhaustion requirement. The magistrate judge found that allowing a willing party to make himself available for discovery requests in the country and

court where the underlying legal disputes are being litigated was the most effective way to carry out the twin aims of § 1782(a). Mem. Op. Den. Pet. for Disc. 10. The magistrate judge "considered the specific facts [of the] application" in a manner consistent with the relevant factors articulated by the Supreme Court in *Intel* and applicants "cannot show that the factors the court chose to weigh most heavily … were inappropriate or that its ultimate decision was an abuse of discretion." *Lazaridis*, 473 Fed. Appx. 2 at *3. Thus, the Court finds that the magistrate judge's decision to deny the § 1782(a) application was not clearly erroneous or contrary to law, and applicants' objections are overruled.

The Court will now turn its attention to applicants' request to have the Order stayed or amended. The Court declines to stay the magistrate judge's Order pending Roche's submission to discovery requests filed in the foreign tribunal. But the Court will amend the Order, and dismiss applicants' § 1782(a) application without prejudice, giving applicants leave to renew at a later date, if Roche fails to voluntarily submit to discovery requests filed in the foreign tribunal pertaining to the aforementioned pending legal disputes.

### III. CONCLUSION

In light of the foregoing analysis and upon consideration of applicants' objections [24] to Magistrate Judge Facciola's October 7, 2014 Order [17] and Memorandum Opinion [18] denying 28 U.S.C. § 1782(a) relief, Roche's opposition [26], applicants' reply [29], the record herein, and applicable case law, applicants' objections to the magistrate judge's Order are **OVERRULED**. The Court will **AMEND** the Order, and **DISMISS** the application **WITHOUT PREJUDICE**. An order will accompany this memorandum opinion.

Signed by Royce C. Lamberth, U.S. District Judge, on June 20, 2014.


7
